ELVINA BRUNER, Appellant, *v.* MARIE THIESNER ET AL.,
Respondents.

May 30, 1882.

1. A contract between married women whereby, upon the death of the husband
   of either of them, the others should pay a certain assessment toward
   forming a fund to be paid to the widow, cannot be enforced at law.
2. The statute authorizing a married woman to insure her husband's life does
   not authorize married women to form an association for the purpose of
   insuring the lives of their husbands.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
AUGUST REBENACK, for the appellant.
JOSEPH JECKO, for the respondents.

THOMPSON, J., delivered the opinion of the court.

The case presented by this record arises on the following
agreed statement of facts : *First.* It is admitted that the
plaintiff joined a voluntary association composed of the
defendants and others, called ' *Lasalle Frauen Unterstuetz-
ungsverein*' No. 1. *Second.* That said association was
formed for the benefit of its members ; that it adopted rules,
by-laws, and constitution, to pay certain stated sums of
money to such members in case of their sickness, and to
their relatives in case of the death of a member, or to a
member in case of the death of her husband, which money
was to be raised by assessment or dues, collected from the
members belonging to said association. *Third.* That the
moneys of the association were to be raised, under their con-
stitution and by-laws, by charging an initiation fee of $2
from new members ; by collecting from members twenty-
five cents dues monthly, and by making an assessment of
twenty-five cents upon each member in case of death of a
member or that of her husband. *Fourth.* That at the

time of the commencement of this suit, and at the time of
the death of her husband, the plaintiff had paid all her dues,
assessments, and initiation fee, and was, when suit was
brought, a *feme sole*; and also, that all the defendants are
*femes sole*, and were so at the time of the institution of said
suit, but were married women when they became members of
the association.   *Fifth.* That the said association, among
other things in their constitution and by-laws, had the follow-
ing provision, entitled ' Corollary to Article VIII., B.  Death
fund.    Section 7,' which provides as follows : ' In case of the
death of the husband of a member, the widow of such husband
shall be paid the sum of $50 to defray burial expenses.'
*Sixth.*   That plaintiff was, at the time she joined said as-
sociation, married to a Mr. Manhoefer ; that said Manhoefer
died some time in the year 1880 ; that she, the plaintiff, con-
tinued a member of said association after Manhoefer's death,
paid her dues, etc., and that in June, 1881, she married one
Matthias Bruner, who died eleven days after her marriage to
him, and that the plaintiff was, at the time of her husband
Bruner's death, still a member of said association under the
name of Elvina Manhoefer, and that she demanded from
the defendants and their associates the $50 herein sued for,
be reason of the death of her husband Bruner, which sum
was refused.   *Seventh.* That a printed copy of the rules,
constitution, and by-laws of said association, containing the
aforesaid corollary, was filed with the justice before whom
this action was brought, and that said printed copy are the
rules, constitution, and by-laws of the association, agreed to
by its members ; and that it is nowhere provided in said
rules, constitution, and by-laws, that if the assessments
(in case of the death of the husband of a member) do not
aggregate the sum of $50, in such case the widow shall
be entitled only to such sum as is the aggregate of the
assessment.   *Eighth.* That none of the defendants above
named ever signed the constitution and by-laws of said
association, but their names were entered in a book by the

secretary elected by said association, in the minutes, reciting the time and circumstances of their initiation and payment of dues, etc., by them, and that they became members, and that minutes were kept during their membership, by said secretary, of the proceedings of their meeting, and that the defendants above named were *femes sole* ever since anp long before the first day of February, 1881, and continued members of the said association after the death of their respective husbands, paid their dues," etc.

It appears that the society thus formed was a society of married women (*frauen*), and that the provision of its articles of association upon which the plaintiff bases her claim, is an agreement that, in case of the death of the husband of any member, the other members shall pay certain assessments for the purpose of raising $50 to be paid to such bereaved member, for the funeral expenses. This suit is, then, a suit to enforce a contract which a number of married women have attempted to make with each other. In this state, and elsewhere in countries governed by the common law, married women have no capacity to contract, except with reference to their separate estate, if they have any, or in cases where such capacity is conferred upon them by statute. It is not shown that any of these ladies had a separate estate, nor could it have been in a proceeding like this, commenced before a justice of the peace, who has no equitable jurisdiction. The articles of association which these married ladies thus framed for the government of their society, do not, then, consitute a contract which can be enforced in such a proceeding as this, unless there is some statute which has changed the common-law rule with reference to the subject-matter of this attempted contract.

It is suggested by the learned counsel for the plaintiff, that such a statute may be found in section 5978 of the Revised Statutes, which reads as follows: " It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent as her trustee,

to cause to be insured, for her sole use, the life of her husband, for any definite period or for the term of his natural life ; and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her and her own use, free from the claims of the representatives of her husband, or of any of his creditors ; but when the premiums paid in any year out of the funds or property of the husband shall exceed $500, such exemption from such claims shall not apply to so much of said premiums, so paid, as shall be in excess of $500, but such excess, with the interest thereon, shall inure to the benefit of his creditors.'' Rev. Stats., sect. 5278. This statute makes it lawful for any married woman to insure the life of her husband, and a policy of insurance, written by a life insurance company, capable of contracting, on the life of a married man, at the request of his wife, is, under the statute, a good contract of assurance; and is none the less good, because one of the contracting parties, the wife, is ordinarily under a disability to make contracts. But because a married woman may insure her husband's life for her own benefit, it does not follow that a number of married ladies may form a mutual insurance company for the purpose of insuring the lives of each other's husbands. She may purchase insurance upon the life of her husband, but she cannot grant insurance upon the life of some one else's husband.

We shall, therefore, express no opinion as to what the rights and liabilities of the members of the society, having an insurance clause in its constitution, like this one, would be if its members were *sui juris*. There is no contract before us to construe, and we shall not, therefore, venture upon the construction of any contract.

The circuit court gave judgment for the defendants. This judgment is affirmed. All the judges concur.